**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| EDGAR HAROLD STAPLES, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 07-CV-137-GKF-FHM |
| | ) | |
| MIKE CARR, District Supervisor, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION AND ORDER

Before the Court is the 28 U.S.C. § 2254 petition for writ of habeas corpus (Dkt. # 1) filed

by Petitioner Edgar Harold Staples, a state inmate appearing *pro se*. Respondent filed a response

(Dkt. # 9) to the petition. Petitioner filed a reply (Dkt. # 12). For the reasons discussed below, the

Court finds Petitioner is not entitled to habeas corpus relief. His petition shall be denied.

### *BACKGROUND*

On March 13, 2004, at approximately 12:18 a.m., Tulsa County Deputy Sheriff Thomas

Helm observed a vehicle turn into the parking lot of the Interstate Inn, located in Tulsa, Oklahoma.

The driver failed to signal the turn. Deputy Helm stopped the vehicle and determined that it was

driven by Petitioner Edgar Harold Staples. Upon running a routine records check, Deputy Helm

learned that Petitioner had an outstanding felony arrest warrant in Osage County. Based on the

arrest warrant, Deputy Helm arrested Petitioner, placed Petitioner in handcuffs, and read him his

rights under <u>Miranda</u>.[1]  During the course of the traffic stop, Deputy Davis arrived. The two

deputies searched Petitioner and in his pockets found two rolls of electrical tape, a bottle of Super

B powder vitamin supplement, and a Wal-Mart receipt, dated February 24, 2004, with entries for

---

[1] <u>Miranda v. Arizona</u>, 384 U.S. 436 (1966).

items used to manufacture methamphetamine, including four bottles of HEET and nitrile gloves. Based on the items recovered from Petitioner's pockets, the deputies asked him a series of questions. At trial, Deputy Helm testified that Petitioner told him he was going to room 108 to meet "Nathan" because "Nathan" was manufacturing methamphetamine and Petitioner was providing items to be used to make methamphetamine in exchange for a portion of the finished product. Deputy Davis went to room 108. The room was occupied by Nathan Katzenstein and his girlfriend, Tracy Byers. In room 108, Deputy Davis found various items used in the manufacture of methamphetamine, including three bulk boxes of match books and a cigarette box containing ephedrine tablets. In a vehicle parked in front of room 108, the deputies also found items used in the manufacture of methamphetamine, including two five-gallon plastic buckets, a glass container with tubing attached, a bottle of iodine tincture, three bottles of HEET, Liquid Fire Drain Opener, blister packs of pseudoephedrine, and Red Devil Lye.

Based on the events of March 13, 2004, Petitioner was charged in Tulsa County District Court, Case No. CF-2004-1851, with Endeavoring to Manufacture a Controlled Dangerous Substance -- Methamphetamine, After Former Conviction of Two or More Felonies. The record reflects that at the conclusion of a jury trial held November 2-5, 2004, Petitioner was found guilty as charged. On December 1, 2004, the trial court sentenced Petitioner in accordance with the jury's recommendation to twenty-one (21) years imprisonment. Attorney Brian Rayl represented Petitioner during trial proceedings.

Petitioner perfected a direct appeal in the Oklahoma Court of Criminal Appeals ("OCCA"). On direct appeal, Petitioner, represented by attorney Alicia Felton George, raised four (4) issues, as follows:

Proposition 1: Defense counsel rendered ineffective assistance in failing to present Mr. Staples as a witness at the <u>Jackson-Denno</u> hearing.

Proposition 2: Deputy Helm injected an improper evidentiary harpoon and reference to other crimes evidence during the first stage of trial in violation of a motion in limine, destroying the safeguard of Mr. Staples' bifurcated trial.  Defense counsel rendered ineffective assistance of counsel in failing to request a limiting instruction regarding the prejudicial harpoon, and the trial court erred in failing to give such limiting instruction *sua sponte*.

Proposition 3: Captain Davis gave improper opinion testimony on the ultimate issue in the case which invaded the fact-finding province of the jury.

Proposition 4: Defense counsel rendered ineffective assistance of counsel in conceding during closing argument that the police officers had not lied during their testimony at trial.

(Dkt. # 9, Ex. 1).  In an unpublished summary opinion filed February 23, 2006 (Dkt. # 9, Ex. 3), the OCCA rejected Petitioner's claims and affirmed the Judgment and Sentence of the district court.

On July 10, 2006, Petitioner, appearing *pro se*, filed an application for post-conviction relief in the state district court. <u>See</u> www.oscn.net; Dkt. # 1. In his petition, Petitioner states that he raised four (4) grounds of error:

(1)     Selective prosecution

(2)     Dominion and control

(3)     Judicial Error

(4)     Ineffective assistance of counsel

<u>See</u> Dkt. # 1 at 3.  By order filed August 21, 2006, the state district court denied post-conviction relief.  <u>Id.</u> at 4. Petitioner failed to perfect a timely post-conviction appeal. <u>See</u> www.oscn.net (no record of post-conviction appeal); Dkt. # 1 at 5 and Dkt. # 12 at 7 (Petitioner's acknowledgment of his failure to perfect a post-conviction appeal).

Petitioner filed the instant petition for writ of habeas corpus on March 5, 2007, and identified

four (4) grounds of error, as follows:

Ground 1:   Selective prosecution.
Supporting facts: Even though the methamphetamine lab was taken out of
Tracy Byers' vehicle and I had nothing illegal nor had ever been in her
vehicle or motel room I was taken into custody and she was let go.

Ground 2:   Dominion and control.
Supporting facts: Everything in this case that pertained to an illegal
methamphetamine lab was found in someone else's motel room and someone
else's vehicle which I had never been in or near.

Ground 3:   Judicial error.
Supporting facts: Electrical tape, vitamins, and a receipt from Wal-Mart does
[sic] not meet the minimum requirements to bound [sic] someone over for
trial on manufacturing charges.  The preliminary judge made an error in
bounding [sic] this case over for trial.

Ground 4:   Ineffective assistance of counsel.
Supporting facts: Defense counsel made several errors in this case.  He was
not prepared, he did not talk to any of the witnesses, including me, and in
closing arguments he told the jury that he did not believe the officers to be
lying and that I was guilty.

(Dkt. # 1).  For the reasons discussed below, the Court finds Petitioner is not entitled to habeas relief

under 28 U.S.C. § 2254(d) as to part of ground 4.  His remaining grounds are procedurally barred.

## *ANALYSIS*

### A.  Exhaustion/evidentiary hearing

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be

granted unless it appears that the applicant has exhausted state remedies or that no adequate state

remedies are available or effective to protect the applicant's rights. See O'Sullivan v. Boerckel, 526

U.S. 838 (1999); Coleman v. Thompson, 501 U.S. 722, 731 (1991); Dever v. Kansas State

Penitentiary, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the

4

federal claims have been presented fairly to the state courts. See Castille v. Peoples, 489 U.S. 346, 351 (1989); Picard v. Connor, 404 U.S. 270, 275-76 (1971). Fair presentation requires that the federal issues be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." Dever, 36 F.3d at 1534. The "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement. Picard, 404 U.S. at 278; see also Nichols v. Sullivan, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," Picard, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts." Anderson v. Harless, 459 U.S. 4, 6 (1982) (per curiam). A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. See Duncan v. Henry, 513 U.S. 364, 365-66 (1995) (per curiam). "The exhaustion requirement is not one to be overlooked lightly." Hernandez v. Starbuck, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. Id. (citing Miranda v. Cooper, 967 F.2d 392, 398 (10th Cir. 1992)).

After careful review of the record, the Court finds that Petitioner presented an ineffective assistance of counsel claim, part of ground 4, to the OCCA on direct appeal and that claim is exhausted.  The remaining claims were first raised in Petitioner's application for post-conviction relief filed in the state district court. However, Petitioner admits that after the state district court denied relief, he chose to filed his federal petition for writ of habeas corpus rather than present his claims to the OCCA in a post-conviction appeal.  As a result, Petitioner's grounds 1, 2, 3, and part of 4, have never been presented to the OCCA and are unexhausted.  Although Petitioner could return

to state court to request a post-conviction appeal out of time, the Court finds it would be futile to require Petitioner to return to state court to attempt to exhaust the claims. See Duckworth v. Serrano, 454 U.S. 1, 3 (1981) (the futility exception is a narrow one, and is supportable "only if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief"); see also Steele v. Young, 11 F.3d 1518, 1524 (10th Cir. 1993). To obtain a post-conviction appeal out of time, Petitioner would be required to prove he was denied an appeal through no fault of his own. See Rule 2.1(E)(1), *Rules of the Oklahoma Court of Criminal Appeals*. In this case, Petitioner admits that he chose to forego a post-conviction appeal in favor of proceeding directly to federal court. In light of that admission, Petitioner cannot demonstrate that he was denied a post-conviction appeal through no fault of his own and it would be futile to require him to return to state court. Because there is an absence of available State corrective process, see 28 U.S.C. § 2254(b)(1)(B), Petitioner's claims are not barred by the exhaustion requirement.

In addition, the Court finds that Petitioner is not entitled to an evidentiary hearing. See Williams v. Taylor, 529 U.S. 420 (2000).

## B. Anticipatory procedural bar

By failing to present grounds 1, 2, 3, and part of 4 to the OCCA on post-conviction appeal, Petitioner has defaulted those claims. The procedural default of Petitioner's habeas claims never before presented to the OCCA would result in the imposition of a bar based on independent and adequate state procedural grounds should Petitioner return to state court to raise those claims in a second application for post-conviction relief. See Parkhurst v. Shillinger, 128 F.3d 1366, 1370-71 (10th Cir. 1997); Maes v. Thomas, 46 F.3d 979, 985 (10th Cir. 1995). An "'[a]nticipatory procedural

bar' occurs when the federal courts apply procedural bar to an unexhausted claim that would be procedurally barred under state law if the petitioner returned to state court to exhaust it." Anderson v. Sirmons, 476 F.3d 1131, 1140 n.7 (10th Cir. 2007) (quoting Moore v. Schoeman, 288 F.3d 1231, 1233 n.3 (10th Cir. 2002)).

To overcome the anticipatory procedural bar applicable to Petitioner's defaulted claims, Petitioner must demonstrate either "cause and prejudice" or a "fundamental miscarriage of justice." Coleman, 501 U.S. at 750; Maes, 46 F.3d at 985. The cause standard requires a petitioner to "show that some objective factor external to the defense impeded . . . efforts to comply with the state procedural rules." Murray v. Carrier, 477 U.S. 478, 488 (1986). Examples of such external factors include the discovery of new evidence, a change in the law, and interference by state officials. Id. A petitioner is additionally required to establish prejudice, which requires showing "'actual prejudice' resulting from the errors of which he complains." United States v. Frady, 456 U.S. 152, 168 (1982). The alternative is proof of a "fundamental miscarriage of justice," which requires a petitioner to demonstrate that he is "actually innocent" of the crime of which he was convicted. McCleskey v. Zant, 499 U.S. 467, 494 (1991).

In his reply (Dkt. # 12), Petitioner claims that he filed a notice of intent to appeal the district court's denial of post-conviction relief and that his "whole intent was to appeal." But, "the state and the courts made it clear that these issues would not be heard at the state level." See Dkt. # 12 at 2. Therefore, Petitioner chose to forego a post-conviction appeal. Even though the state district court imposed a procedural bar on Petitioner's post-conviction claims, Petitioner is not excused from satisfying the exhaustion requirement by presenting his claims to the OCCA. His belief that the issues would not be heard at the state level does not serve as "cause" for his failure to perfect a post-

conviction appeal.  Petitioner also complains that "[i]f not for trail [sic] counsel's errors and lack of preparation, all of these grounds would have been addressed and presented on direct appeal." While that argument addresses Petitioner's perceived reason for the failure to raise the claims on direct appeal, it does not explain why Petitioner did not perfect a post-conviction appeal.  The Court finds that he has failed to demonstrate "cause" sufficient to overcome the anticipatory procedural bar.  Because Petitioner has failed to demonstrate "cause," the Court need not assess the "prejudice" component of the inquiry.

Petitioner also asserts that a fundamental miscarriage of justice would result if his procedurally barred claims are not considered.  He claims that he was arrested even though he "had not been anywhere near room 108 or the vehicle the so called methamphetamine lab was found in." See Dkt. # 12. To the extent Petitioner asserts a claim of actual innocence, the Court finds he has failed to satisfy the fundamental miscarriage of justice exception.  Herrera v. Collins, 506 U.S. 390, 403-404 (1993); Sawyer v. Whitley, 505 U.S. 333, 339-41 (1992); see also Schlup v. Delo, 513 U.S. 298 (1995).  To meet this test, a criminal defendant must make a colorable showing of factual innocence.  Beavers v. Saffle, 216 F.3d 918, 923 (10th Cir. 2000) (citing Herrera, 506 U.S. at 404). Under Schlup, a showing of innocence sufficient to allow consideration of procedurally barred claims must be "so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error . . . ." Schlup, 513 U.S. at 316.  A petitioner has the burden of persuading this Court "that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." Id. at 329. In this case, Petitioner claims to be actually innocent of the crime of which he was convicted. However, he has failed to present new evidence in support of his claim of innocence. In the absence

of new evidence supporting a claim of factual innocence, the Court finds Petitioner may not utilize the fundamental miscarriage of justice exception to overcome the anticipatory procedural bar applicable to his claims.

Accordingly, because Petitioner has not demonstrated "cause and prejudice" or that a "fundamental miscarriage of justice" will result if his defaulted claims are not considered, the Court concludes that it is procedurally barred from considering the merits of Petitioner's defaulted claims. Coleman, 501 U.S. at 724. Habeas corpus relief shall be denied as to those claims.

## C.  Claim adjudicated by the OCCA on direct appeal

When a state court has adjudicated a constitutional claim, a petitioner may obtain federal habeas relief only if the state decision "involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  See 28 U.S.C. § 2254(d); Bell v. Cone, 535 U.S. 685, 694 (2002); Williams v. Taylor, 529 U.S. 362, 402 (2000); Neill v. Gibson, 278 F.3d 1044, 1050-51 (10th Cir. 2001). In this case, the OCCA adjudicated part of Petitioner's ground 4 claim of ineffective assistance of trial counsel on direct appeal.  Therefore, that claim shall be reviewed pursuant to 28 U.S.C. § 2254(d).

### Ineffective assistance of trial counsel

As part of ground 4, Petitioner claims he was denied the effective assistance of trial counsel. The only exhausted claim[2] contained in ground 4 is Petitioner's claim that trial counsel provided

---

[2]The Court recognizes that in reply to Respondent's response, see Dkt. # 12, Petitioner asserts that other portions of his ineffective assistance of trial counsel claim are exhausted because he presented the claims in two notarized letters sent to the OCCA as part of his direct appeal.  See Dkt. # 12, Ex. 2.  As discussed above, however, exhaustion requires that a claim be "fairly presented" to the state court.  Presenting a claim in the form of a letter does not serve to present the

ineffective assistance when, during closing argument, he told the jury that "he did not believe the officers to be lying, he also said that I was guilty of paraphernalia." See Dkt. # 1. Petitioner states "[t]his is not sound trial strategy." Id. Petitioner contends that each of the items recovered from his pockets, viewed individually, was not evidence of illegal conduct and that he was, therefore, innocent of the crime charged. Thus, he complains that his attorney provided ineffective assistance in conceding that the officers had been truthful and that he was guilty of possession of paraphernalia. On direct appeal, the OCCA denied relief on this claim, stating that "Staples cannot show his counsel's decision to candidly admit the officers' testimony was truthful was not trial strategy. *Thacker v. State*, 2005 OK CR 187, ¶ 14, 120 P.3d 1193, 1195 (this Court indulges a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance, and the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy)." See Dkt. # 9, Ex. 3.

In Thacker, the OCCA applied Strickland v. Washington, 466 U.S. 668 (1984), to deny a claim of ineffective assistance of counsel. See Thacker, 120 P.3d at 1195-96. Petitioner in this case is not entitled to habeas corpus relief on his claim of ineffective assistance of counsel unless he demonstrates that the OCCA's adjudication of his claim was an unreasonable application of

---

claim fairly to the court. See Baldwin v. Reese, 541 U.S. 27, 32 (2004) (holding that "ordinarily a state prisoner does not 'fairly present' a claim to a state court if that court must read beyond a petition or a brief(or a similar document) that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so"); Castille, 489 U.S. at 351; Picard, 404 U.S. at 275-76. Fair presentation requires that the federal issues be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." Dever, 36 F.3d at 1534. Therefore, the only exhausted claim of ineffective assistance of trial counsel contained in ground 4 of the habeas petition is the claim that trial counsel provided ineffective assistance during closing argument when he stated that the deputies did not lie during their testimony and that Petitioner was guilty of possession of a precursor.

Strickland. Under Strickland, a defendant must show that his counsel's performance was deficient and that the deficient performance was prejudicial. Strickland, 466 U.S. at 687; Osborn v. Shillinger, 997 F.2d 1324, 1328 (10th Cir. 1993). A defendant can establish the first prong by showing that counsel performed below the level expected from a reasonably competent attorney in criminal cases. Strickland, 466 U.S. at 687-88.  There is a "strong presumption that counsel's conduct falls within the range of reasonable professional assistance." Id. at 688.  In making this determination, a court must "judge . . . [a] counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Id. at 690. Moreover, review of counsel's performance must be highly deferential.  "[I]t is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." Id. at 689. To establish the second prong, a defendant must show that this deficient performance prejudiced the defense, to the extent that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694; see also Sallahdin v. Gibson, 275 F.3d 1211, 1235 (10th Cir. 2002); Boyd v. Ward, 179 F.3d 904, 914 (10th Cir. 1999).

In this case Petitioner has failed to satisfy the Strickland standard. The trial transcript reflects that during his closing argument, defense counsel made the following statements:

> I have never stood up here and said either one of these deputies are [sic] lying.  To say that is preposterous.  I certainly don't think either one of them did absolutely intentionally lie.  They were remembering the event based upon a report they wrote, and in at least Deputy Davis' case, a report he wrote a month after the incident.  To come here and testify today, they reviewed that report and that report may have triggered some memories of the event.  I'm sure it probably did.  That's why doctors and lawyers take such copious notes, because we try and put things in there that trigger our memory of other events.  What I'm simply suggesting to you is that so much happened that night that they don't remember everything that occurred.

* * * * *

And again, I certainly don't believe Deputy Helm got up here and lied to you folks. I certainly think that he made these conclusions, and what he said to the defendant, we don't know. He doesn't remember the exact phrasing. What the defendant said to him, we don't know, because he didn't use the exact phrasing. How hard would it have been to turn on a tape recorder?

* * * * *

The lesser included offense in this case is possession of drug paraphernalia. Now, what is drug paraphernalia? Any kind of equipment, products or materials that are intended for use in processing or preparing a controlled dangerous substance. It includes, but is not limited to, dilutants and adulterants used or intended for use in cutting controlled dangerous substances. If you are going to convict my client of something, convict him of what he is guilty of, possessing something. Possessing drug paraphernalia, something used in cutting methamphetamine. Don't convict him of manufacturing methamphetamine. That was not what he was doing or where he was. That was Nate. At the risk of sounding too much like Johnny Cochran, that was Nate in 108, you've got to convict him. Thank you, Judge, that's all.

(Dkt. # 11, Tr. Trans. Vol. II at 442-48). Those statements reflect that defense counsel's strategy was to reduce the possibility of his client receiving an extended term of imprisonment without alienating the jury by accusing the law enforcement officials of lying. Thus, counsel's decision to challenge the officers' memories rather than accusing them of lying and to concede guilt of the lesser included offense may reasonably be characterized as sound trial strategy. Moreover, counsel's concession with regard to the lesser included offense was apparently of no effect, as Petitioner was found guilty of the charged offense of Endeavoring to Manufacture a Controlled Dangerous Substance -- Methamphetamine. The Court will not second-guess counsel's strategy simply because it proved unsuccessful. Strickland, 466 U.S. at 689. Petitioner has failed to demonstrate that the OCCA's adjudication of this claim was an unreasonable application of Strickland. Under 28 U.S.C. § 2254(d), Petitioner is not entitled to habeas corpus relief on this claim.

12

*CONCLUSION*

After carefully reviewing the record in this case, the Court concludes that Petitioner has not established that he is in custody in violation of the Constitution or laws of the United States. Therefore, his petition for writ of habeas corpus should be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED** that the petition for writ of habeas corpus (Dkt. # 1) is **denied**.

**DATED** this 23rd  day of July, 2010.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma

13